Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Jacqueline Y Wade–Rowe**
   Debtor(s)

Bankruptcy Case No.: 14–24276–CMB
Issued Per May 10, 2018 Proceeding
Chapter: 13
Docket No.: 98 – 95, 96
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 12, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☑ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.   Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.
The liquidation alternative requirement and unsecured pool are estimated at zero.
The secured claim of Ally Financial/Portfolio Recovery Associates at Claim No. 3 shall govern as to claim amount, to be paid at the modified plan terms.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 21, 2018

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                              Case No. 14-24276-CMB
Jacqueline Y Wade-Rowe                                                              Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2           User: jhel                  Page 1 of 2           Date Rcvd: May 21, 2018
                               Form ID: 149                Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 23, 2018.
db         +Jacqueline Y Wade-Rowe,    2001 Delaware Ave,   Pittsburgh, PA 15218-1818
cr         +Ally Financial,    Tucker Arensberg, P.C.,    c/o Brett A. Solomon, Esquire,    1500 One PPG Place,
             Pittsburgh, Pa 15222-5413
cr         +Equitable Gas Bankruptcy Department,    Attn: Judy Gawlowski,    225 North Shore Drive 2nd Floor,
             Pittsburgh, PA 15212-5860
cr         +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    375 North Shore Drive, Suite 600,
             Pittsburgh, PA 15212-5866
13944488   +Capital One Auto Finance,    PO Box 259407,   Plano, TX 75025-9407
13944489   +Capital One Bank,    P.O. Box 30281,   Salt Lake City, UT 84130-0281
13944491   +DSNB/MACYS,    PO Box 8218,   Mason, OH 45040-8218
13944492  #+FIRST NATIONAL COLLECTIO,    610 WALTHAM WAY,    Sparks, NV 89434-6695
13997585   +Peoples Natural Gas Company LLC,    375 North Shore Drive, Suite 600,
             Pittsburgh, PA 15212-5866
14334736   +Redevelopment Authority of Allegheny County,    Allegheny County Economic Development,
             One Chatham Center, Suite 900,    112 Washington Place,   Pittsburgh, PA 15219-3458

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          +E-mail/PDF: acg.acg.ebn@americaninfosource.com May 22 2018 09:50:18
             Capital One Auto Finance c/o AIS Portfolio Service,    4515 N. Santa Fe Ave.,   Dept APS,
             Oklahoma City, OK 73118-7901
cr          +E-mail/PDF: acg.acg.ebn@americaninfosource.com May 22 2018 10:19:16
             Capital One Auto Finance c/o Ascension Capital Gro,    4515 N Santa Fe Ave.,   Dept. APS,
             Oklahoma City, OK 73118-7901
cr          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2018 02:15:27
             PRA  Receivables Management LLC,    POB 41067,   Norfolk, VA 23541-1067
13944487   +E-mail/Text: ally@ebn.phinsolutions.com May 22 2018 02:06:16     ALLY FINANCIAL,
             P.O. BOX 380901,   Minneapolis, MN 55438-0901
13960207    E-mail/Text: ally@ebn.phinsolutions.com May 22 2018 02:06:16
             Ally Financial serviced by Ally Servicing LLC,    PO Box 130424,   Roseville, MN 55113-0004
13951985   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 22 2018 09:50:43
             Capital One Auto Finance c/o AIS,    Potfolio, LP f/k/a AIS Data Services,
             d/b/a Ascension Capital Group,    4515 N Santa Fe Ave Dept APS,   Oklahoma City, OK 73118-7901
13944489   +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 22 2018 09:50:18     Capital One Bank,
             P.O. Box 30281,   Salt Lake City, UT 84130-0281
13944490   +E-mail/PDF: creditonebknotifications@resurgent.com May 22 2018 02:15:41     Credit One Bank,
             PO Box 98873,   Las Vegas, NV 89193-8873
14011545   +E-mail/Text: kburkley@bernsteinlaw.com May 22 2018 02:07:27     Duquesne Light Company,
             c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
             Pittsburgh, PA 15219-1945
14006202    E-mail/PDF: resurgentbknotifications@resurgent.com May 22 2018 02:15:29
             LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
             Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
13944493    E-mail/Text: camanagement@mtb.com May 22 2018 02:06:27     M & T BANK,    PO BOX 900,
             Millsboro, DE 19966
13956045    E-mail/Text: camanagement@mtb.com May 22 2018 02:06:27     M&T BANK,    PO BOX 1288,
             Buffalo, NY 14240
13944494    E-mail/Text: camanagement@mtb.com May 22 2018 02:06:27     M&T Bank,    P.O. Box 64679,
             Baltimore, MD 21264
13944495   +E-mail/PDF: cbp@onemainfinancial.com May 22 2018 02:15:49     Onemain Financial,
             6801 Colwell Blvd,   Irving, TX 75039-3198
14657757    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2018 02:15:55
             Portfolio Recovery Associates, LLC,    PO BOX 41067,   Norfolk, VA 23541
13999687    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 22 2018 02:24:57
             Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541
13944496    E-mail/PDF: cbp@onemainfinancial.com May 22 2018 02:15:36     Springleaf Financial Services,
             PO Box 3251,   Evansville, IN 47731
                                                                                              TOTAL: 17

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Capital One Auto Finance
cr           Duquesne Light Company
cr           M&T BANK
                                                                                   TOTALS: 3, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0315-2           User: jhel              Page 2 of 2            Date Rcvd: May 21, 2018
                               Form ID: 149            Total Noticed: 26
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 23, 2018                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2018 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor   M&T BANK andygornall@latouflawfirm.com
              Brett A. Solomon    on behalf of Creditor   Ally Financial bsolomon@tuckerlaw.com,
               agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
              James Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              Laurence A. Mester    on behalf of Creditor   Capital One Auto Finance lmester@mesterschwartz.com,
               jottinger@mesterschwartz.com;jschwartz@mesterschwartz.com
              Lawrence W. Willis    on behalf of Debtor Jacqueline Y Wade-Rowe ecf@westernpabankruptcy.com,
               urfreshstrt@gmail.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              S. James Wallace    on behalf of Creditor   Equitable Gas Bankruptcy Department sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                             TOTAL: 11
```